McCay, Judge. •
It is true that the Constitution and the Act of 1868, in terms, provides that a homestead shall not be good against a debt contracted for the removal of an incumbrance. But this, as a matter of course*, means an incumbrance not in name but in fact; an incumbrance, which, unless removed, would sell the homestead. The source cannot rise higher than the fountain. It would seem absurd to say that if a debt exist, which is not a good incumbrance on a homestead, that a debt contracted to pay that shall be a good incumbrance. Nor is the case of Kelly vs. Stephens, in 39 Georgia, 466, contrary to this view. The execution, to remove which was the object of the mortgage given in that case, was, at the time, not only a good incumbrance, but it was actually about to sell, and would have sold the land, except for the money, to secure the payment of which the mortgage was given. There is nothing in the record going to show that the mortgage or lien of which the present mortgage is the successor, was a good incumbrance as against the homestead, and unless that appeared, we see no reason why the present mortgage is.
Judgment affirmed.